**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

KYRA MOSS,

                Plaintiff,

    v.                                                            No. 1:17-CV-660
                                                                      (GTS/CFH)

ALBANY COUNTY OF NEW YORK
DEPARTMENT OF SOCIAL SERVICES,

                Defendant.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

Kyra Moss
18 Providence Place,
Apartment 7
Albany, New York 12202
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Presently pending before the undersigned is plaintiff pro se Kyra Moss' motion to proceed in forma pauperis ("IFP"). Dkt. No. 2. Plaintiff commenced this action on June 19, 2017 and has filed this IFP application in lieu of paying this Court's filing fee. Dkt. No. 1 ("Compl."). Upon review of plaintiff's IFP application, the undersigned concludes that she may properly proceed IFP.[1]  See Dkt. No. 2.

### II. Initial Review

---

[1] Plaintiff is advised that, although her IFP application has been granted, she will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  As plaintiff is representing himself, the court is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

### A. Plaintiff's Complaint

Plaintiff's complaint in this action consists of a form §1983 civil rights complaint on which plaintiff has written: "all necessary paperwork to prove violations made by Albany County Department of Social Services are attached as 62 pages of evidence and 6 notarized, signed and [illegible] papers or a formal legal contract." Compl. at 2. Under "first cause of action," plaintiff indicates that it "is stated in the legal contract Kyra Moss vs. Albany County of New York, and dated 06/18/2017." Id. at 3.  She writes "not applicable" for other causes of action.  Id.  As for her requested relief, plaintiff again refers the Court to "the legal contract Kyra Moss vs Albany County of New York and dated 06/19/2017."  Id. at 4. Plaintiff appends 62 pages of various documents to this form complaint.  Dkt. No. 1-1.  The complaint does not set forth any factual allegations

2

or explain how she alleges the Albany County Department of Social Services violated her constitutional rights pursuant to section 1983. The attached pages are various unexplained documents with often illegible handwritten notes in several of the margins. There is no explanation in the complaint as to the relevancy of these appended documents.

The "legal contract" to which plaintiff refers appears to be a document drafted and signed by plaintiff for the signature of U.S. Attorney Richard S. Hartunian. Id. at 1-6. It appears to be a proposed settlement for "one million dollars per proven offense" regarding alleged violations of state and federal law, including "18 U.S.C. 371, Conspiracy to Defraud the United States, Albany County Department of Social Services 62 counts of Welfare Fraud," "18 U.S.C. 241 - Conspiracy against rights," "18 U.S.C. Chapter 31 - Embezzlement and Theft." Id. at 5. The "contract" further states, "[i]n consideration for this Release, Albany County of New York hereby agrees to pay Kyra Moss the sum of $83,000,000.00 Dollars." Id. at 6. This document is not signed by Mr. Hartunian or any other party from the U.S. Attorney's Office. Id.

### B. Assessment

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a

3

responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.

4

352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Here, even applying special solicitude and reading plaintiff's complaint liberally, the undersigned is unable to discern from plaintiff's bare complaint, unexplained attachments, and hand-written notations on these attachments, how Albany County Department of Social Services violated her rights under section 1983. Despite plaintiff's pro se status, plaintiff is still required to set forth with sufficient specificity a complaint that clearly sets forth the alleged facts and alleged violations of her constitutional rights or other applicable federal laws. The Court cannot be made to search through plaintiff's voluminous filings in an attempt to discern her claims where there is absolutely no

5

factual background or allegations made in the complaint to put these forms into context. The current submissions are insufficient for the undersigned to assess plaintiff's claims.

Accordingly, it is recommended that plaintiff's complaint be dismissed. However, in light of plaintiff's pro se status, it is recommended that dismissal be *without prejudice* to plaintiff filing an amended complaint that complies with both Federal Rules of Civil Procedure 8 and 10, as detained above, and specifically sets forth the factual allegations she wishes to make against Albany County Department of Social Services and her explanation of how the defendant violated her constitutional rights and/or other rights or laws.

### III.  Conclusion

**WHEREFORE**, it is HEREBY

**ORDERED**, that plaintiff's motion for In Forma Pauperis relief (Dkt. No. 2) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** for failure to state a claim and comply with pleading standards, and that such dismissal be **WITHOUT PREJUDICE** to plaintiff filing an amended complaint; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."

N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

    **IT IS SO ORDERED**.

Dated: August 16, 2017
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge